W.J. DEUTSCH & SONS, LTD., Respondent, v CHARBAUT AMERICA, INC., Doing Business as VRANKEN AMERICA, et al., Appellants. [868 NYS2d 293]—

The parties to a contract "may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996], citing *The Bremen v Zapata Off-Shore Co.*, 407 US 1 [1972]; *see Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 764-765 [2008]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]; *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]).

In this case, contrary to the plaintiff's contention, the defendants met their burden of showing that the documentary evidence submitted conclusively demonstrates that the parties intended to submit disputes such as the instant one, arising from their "Termination Amendment to the Distributorship Contract of December 8, 1996, as Amended on February 4, 2003," to resolution by the Tribunal de Commerce de Reims, in Reims, France (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591 [2005]; *M. Fund, Inc. v Carter*, 31 AD3d 620, 621 [2006]; *cf. CooperVision, Inc. v Intek Integration Tech., Inc.*, 7 Misc 3d 592, 602 [2005]). The plaintiff does not contend that enforcement of the forum selection provision would be unreasonable. Accordingly, the Supreme Court should have granted the defendants' motion and dismissed the complaint.

The plaintiff's remaining contentions are without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.