■ MARIO HLUCH, Appellant, v SKI WINDHAM OPERATING CORP. et al., Respondents. [925 NYS2d 200]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered April 8, 2010, which granted that branch of the motion of the defendant Ski Windham Operating Corp. which was for summary judgment dismissing the complaint insofar as asserted against it based on a forum selection clause and denied, as academic, his cross motion, in effect, pursuant to CPLR 3211 (b) to dismiss the affirmative defense of release insofar as asserted by the defendant Ski Windham Operating Corp.

Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendant Ski Windham Operating Corp. which was for summary judgment dismissing the complaint insofar as asserted against it based on a forum selection clause is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

On or about October 2, 2007, the plaintiff signed an application for membership (hereinafter the Application) with the U.S. Ski and Snowboard Association (hereinafter USSA) which included an "Assumption of Risk and Release of Liability" agreement (hereinafter the Release). The Release included a forum selection clause providing that lawsuits for personal injury or related loss against USSA "must be maintained in state courts sitting in Summit County, Utah or federal district courts sitting in the District of Utah, Central Division."

Allegedly, on February 3, 2008, the plaintiff was injured at a ski resort operated by the defendant Ski Windham Operating Corp. (hereinafter Ski Windham) when he was struck by an "unmanned and unsecured" ski patrol sled which was "careening out of control." Thereafter, he commenced this action against Ski Windham, among others, to recover damages for personal injuries. In their answer, the defendants asserted various affirmative defenses, including release.

Ski Windham moved for summary judgment dismissing the complaint insofar as asserted against it based on the forum selection clause in the Release, and, in effect, based on the affirmative defense of release. The plaintiff cross-moved, in effect, pursuant to CPLR 3211 (b) to dismiss the affirmative defense of release insofar as asserted by Ski Windham. The Supreme Court granted that branch of Ski Windham's motion which was for summary judgment dismissing the complaint insofar as asserted against it based on the forum selection clause and did not reach that branch of Ski Windham's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it based on the affirmative defense of release. It denied the plaintiff's cross motion as academic. We reverse, and remit the matter to the Supreme Court, Queens County, for further proceedings in accordance herewith.

" 'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (*Bernstein v Wysoki*, 77 AD3d 241, 248-249 [2010], quoting *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]). " 'Absent a strong showing that it should be set aside, a forum selection agreement will control' " (*Bernstein v Wysoki*, 77 AD3d at 249, quoting *Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 836 [2009]; *see Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 272 [1990]).

"As a general rule, 'only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement' " (*Bernstein v Wysoki*, 77 AD3d at 251, quoting *Freeford Ltd. v Pendleton*, 53 AD3d 32, 38 [2008]). "However, 'there are three sets of circumstances under which a nonparty may invoke a forum selection clause: First, it is well settled that an entity or individual that is a third-party beneficiary of the agreement may enforce a forum selection clause found within the agreement. Second, parties to a "global trans-

action" who are not signatories to a specific agreement within that transaction may nonetheless benefit from a forum selection clause contained in such agreement if the agreements are executed at the same time, by the same parties or for the same purpose. Third, a nonparty that is "closely related" to one of the signatories can enforce a forum selection clause. The relationship between the nonparty and the signatory in such cases must be sufficiently close so that enforcement of the clause is foreseeable by virtue of the relationship between them' " (*Bernstein v Wysoki*, 77 AD3d at 251, quoting *Freeford Ltd. v Pendleton*, 53 AD3d at 38-39).

Here, Ski Windham was not a party to either the Release or the Application, and it failed to establish, prima facie, that it could enforce the forum selection clause as a third-party beneficiary or a party to a global transaction (*see Bernstein v Wysoki*, 77 AD3d at 251; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Moreover, Ski Windham's moving papers did not present evidence that the relationship between Ski Windham and USSA was sufficiently close so that enforcement of the forum selection clause was foreseeable by virtue of the relationship between them (*see Bernstein v Wysoki*, 77 AD3d at 251-252). Ski Windham submitted a copy of the Application in support of its motion, and the Release set forth therein defines "USSA" as the "United States Ski & Snowboard Association, its subsidiaries, affiliates, officers, directors, volunteers, employees, coaches, contractors and representatives, local ski clubs, competition organizers and sponsors, and *ski and snowboard facility operators*" (emphasis added). The forum selection clause provides that it applies to "all lawsuits for personal injury or related loss against USSA." Thus, reading the aforementioned provisions of the Release together establishes that the forum selection clause applies to personal injury lawsuits against USSA's "ski and snowboard facility operators." However, Ski Windham is not named as a USSA ski and snowboard facility operator anywhere in the Application, including in the Release, and Ski Windham did not tender any evidence to show that it had a relationship with USSA such that it could be deemed a USSA "ski and snowboard facility operator[ ]" for purposes of enforcing the forum selection clause (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

Under the foregoing circumstances, Ski Windham failed to make a prima facie showing that it had a sufficiently close relationship with USSA such that its enforcement of the forum selection clause was foreseeable to the plaintiff by virtue of that relationship (*see Bernstein v Wysoki*, 77 AD3d at 252). Accord-

ingly, the Supreme Court should have denied that branch of Ski Windham's motion which was for summary judgment dismissing the complaint insofar as asserted against it based on the forum selection clause, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Because the Supreme Court directed the dismissal of the complaint insofar as asserted against Ski Windham solely on the ground that the forum selection clause was enforceable by Ski Windham in this action, it did not reach that branch of Ski Windham's motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against it based on the affirmative defense of release (*see Llanos v Shell Oil Co.*, 55 AD3d 796, 799 [2008]). That branch of Ski Windham's motion remains pending and undecided (*id.* at 799). In addition, in light of our determination, the plaintiff's cross motion, in effect, pursuant to CPLR 3211 (b) to dismiss the affirmative defense of release insofar as asserted by Ski Windham is no longer academic. Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of the aforementioned pending and undecided branch of Ski Windham's motion and a determination on the merits of the plaintiff's cross motion.

In light of our determination, we need not reach the plaintiff's remaining contentions. Covello, J.P., Leventhal, Lott and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1201(A), 2010 NY Slip Op 50509(U).]**