Motion by the appellant for leave to reargue an appeal from *923 an order of the Supreme Court, Kings County, dated March 31, 2011, which was determined by decision and order of this Court dated October 25, 2011.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated October 25, 2011 (see Pratik Apparels, Ltd. v Shintex Apparel Group, Inc., 88 AD3d 974, 975 [2011]) is recalled and vacated, and the following decision and order is substituted therefor:
Appeal by the plaintiff, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated March 31, 2011, as granted that branch of the motion of the defendant Classic Logistics, Inc., which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
“A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court. Absent a strong showing that it should be set aside, a forum selection agreement will control” (Hluch v Ski Windham Operating Corp., 85 AD3d 861, 862 [2011] [internal quotation marks and citations omitted]; see Bernstein v Wysoki, 77 AD3d 241, 248-249 [2010]; Stravalle v Land Cargo, Inc., 39 AD3d 735, 736 [2007]). “Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes, particularly those involving international business agreements” (Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534 [1996]). Here, the forum selection clause contained in the subject bill of lading submitted by the defendant Classic Logistics, Inc. (hereinafter Classic), conclusively established that the plaintiff’s action against Classic must be brought in federal court (see CPLR 3211 [a] [1]; W.J. Deutsch & Sons, Ltd. v Charbaut Am., Inc., 57 AD3d 529, 530 [2008]). The plaintiff failed to show that enforcement of the forum selection clause would be unreasonable, unjust, or would contravene public policy, or that the clause is invalid because of fraud or overreaching (see Bernstein v Wysoki, 77 AD3d at 249-250; Best Cheese Corp. v All-Ways Forwarding Int'l. Inc., 24 AD3d 580, 581 [2005]; Koko Contr. v Continental Envtl. Asbestos Removal Corp., 272 AD2d 585, 586 [2000]).
*924 The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court correctly granted that branch of Classic’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.