I n an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings *674 County (Knipel, J.), dated January 5, 2012, which denied their motion pursuant to CPLR 511 to change the venue of the action from Kings County to Rockland County.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion pursuant to CPLR 511 to change the venue of the action from Kings County to Rockland County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Rockland County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).
In an order dated March 4, 2011, the Supreme Court, Kings County, granted the motion of the defendant M&A Plumbing & Heating Corporation (hereinafter M&A) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Since it is undisputed that M&A was the only party in this action whose presence supported venue in Kings County, the appellants’ motion pursuant to CPLR 511 to change the venue of the action to Rockland County, where the plaintiff resided, should have been granted (see Messiha v Staten Is. Univ. Hosp., 77 AD3d 894, 895 [2010]; Canaan v Costco Wholesale Membership, Inc., 49 AD3d 583, 585 [2008]; Appel v Dumont Masonic Nursing Home, 47 AD3d 861 [2008]; MingLiang P. Chung v Express Tours, 274 AD2d 506 [2000]). Even though the appellants did not move for a change of venue until eight months after M&A was dismissed from this action, contrary to the plaintiffs contention, the relief requested was not barred by laches given that no significant discovery had yet taken place and there was no discernable prejudice to the plaintiff (see CPLR 511 [a]; Gangi v DaimlerChrysler Corp., 14 AD3d 482 [2005]; Rizzuto v Aurelia Osborne Fox Mem. Hosp. Socy., 265 AD2d 471, 472 [1999]; Gennaro v Grossfeld, 186 AD2d 718 [1992]; cf. Roberto v M.C. & E.D. Beck, 254 AD2d 404, 405 [1998]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the appellants’ motion pursuant to CPLR 511 to change the venue of this action from Kings County to Rockland County. Angiolillo, J.R, Balkin, Austin and Miller, JJ., concur.