■ CATHERINE L. MOLINO et al., Respondents, v SAGAMORE, Doing Business as SAGAMORE RESORT, Appellant. [963 NYS2d 355]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated May 8, 2012, which denied its motion pursuant to CPLR 501 and 511 to change the venue of the action from Queens County to Warren County.

Ordered that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Queens County to Warren County is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Warren County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

In July 2011, Catherine L. Molino (hereinafter the injured plaintiff), made a reservation to stay as a guest at the defendant resort in Warren County from July 30, 2011, to August 6, 2011. Upon arrival on July 30, 2011, and while registering for the stay, the injured plaintiff signed a document entitled "Rental Agreement" containing a provision stating, in relevant part, that "if there is a claim or dispute that arises out of the use of the facilities that results in legal action, all issues will be settled by the courts of the State of New York, Warren County." On August 2, 2011, the injured plaintiff allegedly tripped and fell on the defendant's property and sustained injuries. In October 2011, the injured plaintiff and her husband suing derivatively, commenced this action in the Supreme Court, Queens County. The Supreme Court denied the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Queens County to Warren County.

The Supreme Court erred in determining that the Rental Agreement was an unenforceable contract of adhesion and that enforcement of the forum selection clause contained therein would be unreasonable and unjust. "A contract of adhesion contains terms that are unfair and nonnegotiable and arises from a disparity of bargaining power or oppressive tactics" (*Matter of Love'M Sheltering, Inc. v County of Suffolk*, 33 AD3d 923, 924 [2006]). However, a form agreement such as the Rental Agreement here is not automatically one of adhesion because "[s]uch claims are judged by whether the party seeking to enforce the contract has used high pressure tactics or deceptive language in the contract and whether there is inequality of bargaining power between the parties" (*Sablosky v Gordon Co.*, 73 NY2d 133, 139 [1989]). " 'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (*KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650, 651 [2010], quoting *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]).

Here, the fact that the Rental Agreement containing the forum selection clause was presented to the plaintiffs at registration and was not the product of negotiation does not render it unenforceable (*see Carnival Cruise Lines, Inc. v Shute*, 499 US 585 [1991]; *Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270 [1990]). The plaintiffs failed to demonstrate that enforcement of the forum selection clause would be unreasonable or unjust, or would contravene public policy, or that the clause is invalid because of fraud or overreaching (*see Pratik Apparels, Ltd. v Shintex Apparel Group, Inc.*, 96 AD3d 922, 923 [2012]). They further failed to demonstrate that a trial in the selected forum of Warren County would, for all practical purposes, deprive them of their day in court (*see KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d at 651).

The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Queens County to Warren County. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur. ■