[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11098
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22076-UU

ELAINE PAPPAS,
NICHOLAS PAPPAS, her husband,

Plaintiffs-Appellants,

versus

KERZNER INTERNATIONAL BAHAMAS LIMITED,
a Bahamian company,
KERZNER INTERNATIONAL LIMITED,
a Bahamian company,
ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
PARADISE ISLAND LIMITED,
a Bahamian company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2014)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In this diversity case, plaintiffs-appellants Elaine and Nicholas Pappas ("the Pappases") appeal the dismissal of their tort claims against defendants-appellants Kerzner International Bahamas Ltd., Kerzner International Ltd., Island Hotel Co., and Paradise Island Ltd. (collectively, "Kerzner"). The district court dismissed the complaint based on the forum-selection clause in the parties' contract, which stated that claims against Kerzner for events in the Bahamas shall be governed by Bahamian law with the Bahamas Supreme Court as the exclusive venue. After careful review of the record and the parties' briefs, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. The Complaint

On June 18, 2013, the Pappases filed an amended complaint ("the complaint") in the district court bringing state-law negligence and loss of consortium claims against Kerzner under diversity jurisdiction.[1]

The complaint alleged that, on March 8, 2011, Elaine Pappas was a guest at the Atlantis Resort, located in Paradise Island, Bahamas, and owned by Kerzner and its subsidiaries. As alleged, Elaine Pappas was positioning herself on a tube at the top of a water slide when a Kerzner employee pushed her down the slide.

---

[1]The Pappases filed their original complaint on June 10, 2013.

2

Because Elaine Pappas was not fully positioned when she was pushed, her head hit the slide multiple times as she descended, causing her head and brain injuries.

## B.    Kerzner's First Motion to Dismiss

Kerzner moved to dismiss the complaint, arguing that a forum-selection clause in the contract between the Pappases and Kerzner required that the case be litigated exclusively in the Bahamas.

The exhibits attached to the motion to dismiss showed that, on February 4, 2011, the Pappases made an online reservation at the Atlantis Resort to check-in on Saturday, March 5, 2011 and check-out on Wednesday, March 9.  When the Pappases made their reservation, one of them clicked a box indicating that he or she had reviewed and agreed to Kerzner's terms and conditions.  One of those terms and conditions provided that when the Pappases registered at the hotel, they would be asked to sign a form agreeing that all claims from their resort stay shall be governed by Bahamian law with the Bahamas Supreme Court as the exclusive venue:

> ATLANTIS REGISTRATION: During guest registration at Atlantis, Paradise Island you will be asked to sign a form agreeing to the following terms related to any claims you may have as a result of your stay at the resort: 'I agree that any claim I may have against [Kerzner] . . . resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of . . . The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever.

3

Additionally, Kerzner sent the Pappases a confirmation email immediately after the Pappases made their reservation.  That email included a link to these same terms and conditions.

Thus, Kerzner twice informed the Pappases that, when they arrived at the resort, they would be asked to agree that all disputes be litigated exclusively in the Bahamas under Bahamian law.

Unsurprisingly, during check-in, the Pappases received a form entitled, "Acknowledgement, Agreement and Release," which contained the forum-selection clause.  That form stated: "I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for . . . proceedings" on claims against Kerzner arising out of the Pappases' stay in the Bahamas.  Both Elaine and Nicholas Pappas signed this form

The Pappases responded to the motion to dismiss by arguing that the forum-selection clause was unenforceable because they did not receive "adequate notice" of the clause before they signed it at check-in.

The district court granted the motion to dismiss, characterizing it as a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Under this Court's precedent at the time, Rule 12(b)(3) was the proper vehicle for enforcing a valid forum-selection clause.  See Bailey v. ERG Enters., LP, 705 F.3d 1311, 1314 n.1 (11th Cir. 2013) (noting that "we treat a

4

dismissal based on a forum-selection clause as a question of proper venue under Federal Rule of Civil Procedure 12(b)(3)").

The district court found that Kerzner "reasonably communicated the forum selection clause to [the Pappases]" before the Pappases arrived at the resort, and therefore, the clause was enforceable. Accordingly, the district court dismissed the complaint with prejudice pursuant to Rule 12(b)(3).

## C.    The Pappases' Motion for Reconsideration

After the district court dismissed the complaint, the Supreme Court issued its decision in Atlantic Marine Construction Co. v. United States District Court, 571 U.S. __, 134 S. Ct. 568 (2013). In that case, the Supreme Court declared that a motion to dismiss for forum non conveniens, and not a Rule 12(b)(3) motion for improper venue, is the appropriate means to enforce a valid forum-selection clause if that clause requires the dispute to be litigated in a non-federal forum. Id. at 580.[2]

Additionally, the Supreme Court set forth a modified version of the forum non conveniens doctrine applicable in cases where there is a valid forum-selection

---

[2]The Supreme Court reasoned that Rule 12(b)(3) provides for dismissal only when venue is wrong or "improper" pursuant to 28 U.S.C. § 1391(b), which sets forth three bases for venue. 134 S. Ct. at 577. So long as venue complies with § 1391, a district court may not dismiss a complaint under Rule 12(b)(3), regardless of whether a forum-selection clause requires a different forum. Id. at 578.

The Supreme Court also noted that, when a forum-selection clause requires a different federal forum, the clause should be enforced through a motion to transfer under 28 U.S.C. § 1404(a), which the Supreme Court described as "a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system." Id. at 580.

5

clause in a contract.  Id. at 581–83.  Under that version, the burden is on the plaintiff to show that dismissal of the complaint is unwarranted, and a court may weigh only public interest factors in determining if a plaintiff has met this burden.  See id.

The Pappases filed a motion for reconsideration in light of Atlantic Marine.  Without a response from Kerzner, the district court granted the Pappases' motion and vacated its order dismissing the complaint insofar as it ruled that the valid forum-selection clause justified dismissal for improper venue.  The district court allowed the parties to brief the issue of whether the forum-selection clause could be enforced under the modified forum non conveniens doctrine set forth in Atlantic Marine.

**D.    Kerzner's Renewed Motion to Dismiss**

Kerzner then filed a renewed motion to dismiss pursuant to the forum non conveniens doctrine and Atlantic Marine.  The district court granted the motion.  The district court first restated its earlier ruling that the forum-selection clause was enforceable.  Thus, the district court applied the modified version of the forum non conveniens doctrine and concluded that the Pappases had not met their burden of showing that dismissal of their complaint was unwarranted.  The district court found that all of the public interest factors—the only factors relevant in the Atlantic Marine analysis—favored dismissal.

The Pappases timely appealed.

## II.  STANDARDS OF REVIEW

We review de novo the enforceability of a forum-selection clause.  Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009).  We review for clear error subsidiary findings of fact relevant to the legal issue of whether a forum-selection clause is enforceable.  See Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (applying clearly erroneous review to subsidiary findings of fact informing the enforceability of a contractual attorneys' fees provision).

We review a district court's ruling on a motion to dismiss for forum non conveniens only for a clear abuse of discretion.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981).  So long as the district court considered all relevant factors, and its balancing of the factors was reasonable, we will give substantial deference to the district court's decision.  Id.

## III.  DISCUSSION

There are two parts to our analysis.  We first conclude that the district court correctly determined that the forum-selection clause is valid and enforceable. Because there is a valid forum-selection clause, it follows that the district court correctly applied the modified forum non conveniens doctrine announced in

7

Atlantic Marine and did not commit a clear abuse of discretion in granting the motion to dismiss for forum non conveniens.

## A.    The Validity of the Forum-Selection Clause

Forum-selection clauses are "presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel, 579 F.3d at 1281.

A forum-selection clause is unreasonable when, inter alia, "its formation was induced by fraud or overreaching." Id.[3] When the forum-selection clause was not negotiated, we determine whether there was fraud or overreaching in its formation by looking to "whether the clause was reasonably communicated to the consumer." Id.

Applying this test, we conclude that the forum-selection clause the Pappases signed when they checked in at the Atlantis Resort is enforceable. The district court found that Kerzner reasonably communicated to the Pappases the contents of the forum-selection clause well before asking the Pappases to agree to the provision.

Specifically, the district court found that the Pappases received notice of the clause twice—first through the terms and conditions webpage, which they clicked

---

[3]We have also set forth three other instances in which a forum-selection clause may not be enforced, but the Pappases do not argue that any of these apply. See Krenkel, 579 F.3d at 1281.

8

to acknowledge having read and agreed to, and second through the email they received after completing registration.  The Pappases received these notices a month before Kerzner asked them to sign the forum-selection clause in person.  On appeal, the Pappases take issue with the district court's fact findings, but they have not shown that the district court clearly erred.

The Pappases first contend that the website did not reasonably communicate to them that Kerzner would ask them to agree to the forum-selection clause at check-in because "[w]hen printed, the terms and conditions amount to 6 single-spaced small print pages" and thus, "[r]eading the terms and conditions [did] not provide the necessary emphasis to ensure the Pappases knew they would be forfeiting their right to sue in the forum of their choice."  The Pappases add that the notice about the forum-selection clause was only viewable if they scrolled through all of the terms and conditions, and that there was "no notice alerting them to do so."

However, regardless of how many terms and conditions Kerzner presented to the Pappases, the Pappases, during the online registration process, acknowledged that they had read and agreed to all the terms and conditions—one of which informed them that they would be asked to sign a forum-selection clause. If the Pappases did not in fact read the terms and conditions, then Kerzner cannot be faulted for the Pappases failing to do so and then falsely certifying that they

9

had.  To the extent the Pappases contend that there should be an exception to this rule here, where the online terms and conditions were "6 single-spaced small print pages," we have previously held that a "failure to read . . . documents is not excused by the documents' length."  See Franze v. Equitable Assurance, 296 F.3d 1250, 1255 (11th Cir. 2002) (statute of limitations for investors' securities fraud claims began to run when investors received prospectuses and the investors' failure to read the prospectuses did not prevent them from being on inquiry notice of the alleged fraud).

The Pappases also attack the district court's fact finding that Kerzner reasonably communicated the contents of the forum-selection clause to them via the confirmation email.  The Pappases argue that they never received the email, but the district court found otherwise, based on the record evidence which included a copy of the email and the affidavit of a Kerzner employee.  In light of the evidence to support it, we cannot say that the district court's fact finding was clearly erroneous.

The Pappases' additional argument about the email also lacks merit.  The Pappases contend that the email did not put them on notice of the forum-selection clause because the email itself did not contain the terms and conditions, which were only accessible if the Pappases clicked on a link.  But, the Pappases do not

10

dispute that the email clearly stated: "Click here to view our <u>Terms and</u>

<u>Conditions</u>."

Thus, we cannot say that the district court committed reversible error in

determining that Kerzner reasonably communicated to the Pappases that they

would be asked to sign a forum-selection clause during check-in, and just what that

forum-selection clause would entail.  Contrary to the Pappases' arguments, they

did not see "for the first time the forum-selection clause in the registration

materials."  Accordingly, the forum-selection clause signed by both Elaine and

Nicholas Pappas during check-in was not obtained via fraud or overreaching.  It is,

thus, valid and enforceable.[4]

## B.    Application of the <u>Forum Non Conveniens</u> Doctrine

<u>Atlantic Marine</u> provides that Kerzner's motion to dismiss for <u>forum non</u>

<u>conveniens</u> was the proper means of enforcing the valid forum-selection clause

here.  134 S. Ct. at 580.  <u>Atlantic Marine</u> also makes clear that, because of the

forum-selection clause, the Pappases had the burden of showing that

---

[4]The Pappases also argue that the forum-selection clause is unenforceable because it is unconscionable under Florida contract law principles.  But it is well-settled that the enforceability of a forum-selection clause in a diversity case is governed by federal law.  <u>P & S Bus. Machs., Inc. v. Canon USA, Inc.</u>, 331 F.3d 804, 807 (11th Cir. 2003).

Even if we could consider Florida law, we would not find the clause unenforceable.  Florida law requires that a contractual provision be both procedurally and substantively unconscionable to be unenforceable.  <u>See</u> Gainesville Health Care Ctr., Inc. v. Weston, 857 So. 2d 278, 284–85 (Fla. 1st DCA 2003).  A contract is substantively unconscionable only when its terms are "so 'outrageously unfair' as to 'shock the judicial conscious.'"  <u>Id.</u>  The Pappases do not argue, and we see no basis for concluding, that the forum-selection clause's terms rise to this exacting standard of unfairness.

11

dismissal of the complaint for refiling in the Bahamas—"the forum for which the parties bargained"—was unwarranted. Id. at 581.

The Pappases' agreement to the forum-selection clause meant that "the private-interest factors . . . weigh[ed] entirely in favor of the preselected forum"— the Bahamas. Id.[5] Therefore, the only factors relevant to whether the Pappases met this burden were public interest factors, such as "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 581 n.6, 582 (alteration omitted).

The district court correctly identified these principles and the relevant public interest factors. The district court concluded that each public interest factor counseled in favor of the Bahamas as the forum. The district court's assessment was not unreasonable.

Specifically, as noted by the district court, there is no dispute that the Bahamas is an adequate alternative forum, that the case has a substantial relationship to the Bahamas, or that Bahamian law governs the dispute. Further, the Bahamas has a strong interest in the case, which involves the safety of one of

---

[5]Private interest factors relevant in considering a forum non conveniens motion when there is no forum-selection clause include: (1) "relative ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) "possibility of view of premises, if view would be appropriate to the action"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." Atl. Marine, 134 S. Ct. at 581 n.6.

the Bahamas's tourist attractions.  The facts that the Pappases are American citizens (albeit of New Jersey, not Florida) and that Kerzner is headquartered within the Southern District of Florida do not overcome the Bahamas undisputed strong interest in the case.

Because the district court identified the correct public interest factors and reasonably weighed those factors, we must defer to the district court's ruling.

## IV.  CONCLUSION

In light of the foregoing, we affirm the district court's dismissal of the complaint.

**AFFIRMED.**