[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13889
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21033-UU


JOHN C. MCARTHUR,
SANDRA S. MCARTHUR,
his wife,

                                        Plaintiffs - Appellants,

versus

KERZNER INTERNATIONAL
BAHAMAS LIMITED,
a Bahamian company,
KERZNER INTERNATIONAL LIMITED,
a Bahamian company,
ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
PARADISE ISLAND LIMITED,
a Bahamian company,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2015)

Before JULIE CARNES, FAY and DUBINA, Circuit Judges.

PER CURIAM:

Appellants John C. McArthur and his wife, Sandra S. McArthur, appeal the district court's order dismissing their civil action under *forum non conveniens*. After reviewing the record and reading the parties' briefs, we affirm the order dismissing appellants' complaint.

## I.    BACKGROUND

The McArthurs were part of a group of guests who traveled to the Atlantis Resort in The Bahamas with the University of Kansas ("KU") for a basketball tournament. Travel agent Cate and Mason Travel Partners ("travel agent") made KU's reservations and contracted with Atlantis. The contract includes two provisions in which the travel agent agrees to notify their clients that when they book their reservation through the travel agent, they are subject to certain terms and conditions governing their stay at Atlantis. A section of the contract indicates that the additional terms and conditions are available on the Atlantis website. [Doc. DE-16-1, Ex. 1 ¶ 5, ¶ 8.] The terms and conditions provide that the guest

2

will be asked to sign a form agreeing to certain terms related to any claims the guest may have as a result of the guest's stay at the Atlantis Resort.  It specifically states that "I agree that any claim I may have against [several named defendants and others], along with their parent, related and affiliated companies at every tier, . . . resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever."  [*Id.* ¶ 8.]

Upon their arrival at Atlantis, the McArthurs signed a written registration card entitled "Acknowledgement, Agreement and Release" that includes a choice of law provision and forum selection clause:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever. . . .

[*Id.* ¶ 10 & Exh. 4.]

During his stay at the Atlantis Resort, John McArthur slipped and fell on a sidewalk adjacent to the water park attraction known as the Rapid River.  In March 2014, the McArthurs filed an amended complaint in federal district court, alleging negligence in connection with John McArthur's fall.  The amended complaint also alleged that as a result of John McArthur's injuries, his wife suffered the

3

diminishment of her husband's companionship and consortium.  The amended complaint invoked the district court's diversity based subject-matter jurisdiction under 28 U.S.C. § 1332.  It alleged that the McArthurs were domiciled in Kansas, defendant Kerzner International was a Bahamian company with its principal place of business in Florida, defendant Kerzner Bahamas was a Bahamian company with its principal place of business in Florida, defendant Island Hotel was a Bahamian company and a subsidiary of Kerzner International and Kerzner Bahamas, and defendant Paradise Island was a Bahamian company and a subsidiary of Kerzner International and Kerzner Bahamas.

The defendants moved to dismiss the amended complaint on the basis of *forum non conveniens*.  The district court granted the motion.  The McArthurs then perfected this appeal.[1]

---

[1] This court issued a jurisdictional question asking the parties to address whether the pleadings sufficiently alleged the citizenship of the parties, in particular, Island Hotel and Paradise Island, to establish the district court's subject-matter jurisdiction over the case.  *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304–05 (11th Cir. 2011) (stating that the court must *sua sponte* raise its concerns regarding subject-matter jurisdiction).  The McArthurs concede that the amended complaint failed to allege sufficiently the citizenship of Island Hotel and Paradise Island, but move to amend the amended complaint to add the allegations that both defendants were Bahamian Companies with their principal places of business in the Bahamas.  The party invoking the court's jurisdiction bears the burden of establishing federal jurisdiction, and when the pleadings' allegations of citizenship and jurisdiction are insufficient, a party may amend them in this court.  *See* 28 U.S.C. § 1653; *Mallory*, 663 F.3d at 1305.  The McArthurs' allegations cure the pleading deficiencies as to Island Hotel and Paradise Island, and the amended complaint sufficiently alleges that the other defendants are Bahamian companies with their principal places of business in Florida.  Because the proposed amendments show that no defendant is a citizen of Kansas, where the McArthurs are domiciled, the district court's subject-matter jurisdiction is satisfied.  Thus, we grant the McArthur's motion to amend the amended complaint and entertain the instant appeal.

## II.    DISCUSSION

This court reviews a district court's order of dismissal based on *forum non conveniens* for an abuse of discretion.  *Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1288 (11th Cir. 2009).  In addition, we review *de novo* a district court's construction of a contractual forum selection clause.  *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004).

As a preliminary matter, forum selection clauses "are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 F. App'x 962, 965 (11th Cir. 2014) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)).  The party seeking to avoid the forum selection clause bears the burden of showing exceptional circumstances, predicated on public interest considerations to justify disturbing the forum selection clause.  *Atl. Marine Const. v. U.S. Dist. Court*, ___ U.S. ___, ___, 134 S. Ct. 568, 581 (2013).

A forum selection clause will be invalidated where "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy."  *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir.

5

2009).  To determine whether there was fraud or overreaching in a non-negotiated forum selection clause, the court looks to "whether the clause was reasonably communicated to the consumer.  A useful two-part test of 'reasonable communicativeness' takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms."  *Id.*

The McArthurs contend that the forum selection clause is invalid because the contents of the forum selection clause were not reasonably communicated to them, and the travel agent never informed them about the forum selection clause. However, as the district court found, the McArthurs had constructive notice of the Atlantis Resort's terms and conditions that the travel agent received.  The travel agent, via its contract with the resort, knew that the attendees at the resort were subject to certain additional terms and conditions, agreed to notify their clients regarding the terms and conditions, and knew where to obtain the specific terms and conditions.  Thus, because the McArthurs' trip involved travel arrangements made by the travel agent, they are charged with constructive notice of the terms and conditions in the contract the travel agent had with the Atlantis Resort.

Moreover, upon their arrival at the resort, the McArthurs signed a written registration form that read, in part, that the guest agrees that any claims he may have against the resort shall be governed by the laws of The Bahamas and that the

6

Supreme Court of The Bahamas is the exclusive venue.  [R. DE 16-5.]  By signing this form, the McArthurs agreed to the forum selection clause.  Hence, we conclude that the forum selection clause is valid.[2]

In addition, The Bahamas is an adequate alternative forum, and the public interest factors weigh in favor of transfer.  *See Atl. Marine*, ___ U.S. at ___, 134 S. Ct. at 582 (discussing forum selection clauses in the 28 U.S.C. § 1404(a) transfer context).  First, the McArthurs do not contest that The Bahamas provides an adequate alternative forum, and they do not assert that they could not reinstate their lawsuit in The Bahamas without undue inconvenience or prejudice.  Second, the McArthurs fail to meet their burden to show that this case is exceptional and that the forum selection clause should not apply.  Their brief is devoid of any claims as to court congestion, the burden of jury duty, or the difficulties in resolving conflict of law problems and applying foreign law.  Third, the McArthurs fail to challenge the substantial interests of The Bahamas.  In sum, the McArthurs cannot show that enforcement of the forum selection clause "would be unfair or unreasonable under the circumstances."  *Krenkel*, 579 F.3d at 1281.  Accordingly, we conclude that the

---

[2] The McArthurs also argue that the forum selection clause is invalid because it was obtained through fraud.  Their argument centers on their claim that the defendants have a policy that allows guests to delete portions of the guest registration card but they do not inform the guests of that right, and therefore, the defendants obtain the signatures on the cards through fraud.  This contention is meritless because they cannot show that the forum selection clause itself was included in the contract due to fraud.  *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011 ) (noting that in order for a forum selection clause to be invalidated on the basis of fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract because of fraud).

district court properly gave effect to the forum selection clause and granted the defendants' motion to dismiss.[3]

### III.    CONCLUSION

For the foregoing reasons, we affirm the district court's order granting defendants' motion to dismiss based on *forum non conveniens*.  We also grant the McArthurs' motion for leave to amend the amended complaint to cure the deficiency in the pleadings.

**AFFIRMED** and Motion for leave to amend **GRANTED**.

---

[3] The McArthurs also take issue with the district court's order denying their motion for leave to amend the complaint to add Brookfield Asset Management, Inc., the new owner of the Atlantis Resort, as a defendant.  The district court did not abuse its discretion in denying the motion because the language of the forum selection clause applies equally to any entity that has owned, operated, or marketed the Atlantis Resort.  [R. DE 16-1, Ex. 4 & 16-3.]  *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (stating that court reviews for abuse of discretion a district court's decision to grant or deny leave to amend a pleading).