■ DAVID KARLSBERG, Appellant, v HUNTER MOUNTAIN SKI BOWL, INC., Doing Business as HUNTER MOUNTAIN, Respondent. [16 NYS3d 746]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered March 24, 2014, as, upon reargument, adhered to a prior determination in an order of the same court dated December 3, 2012, granting that branch of the defendant's motion which was pursuant to CPLR 501 and 511 to change the venue of the action from Suffolk County to Greene County.

Ordered that the order entered March 24, 2014, is affirmed insofar as appealed from, with costs.

On March 19, 2011, the plaintiff sought beginner snowboarding lessons at the defendant's facility, and signed an "Equipment Rental Form and Release of Liability" that provided, among other things, that "all disputes arising under this contract and/or the use of this equipment and/or the use of the facilities at Hunter Mountain Ski Bowl, shall be litigated exclusively in the Supreme Court of the State of New York, County of Greene, or in the United States District Court for the Northern District of New York." In December 2011, the plaintiff commenced this action in the Supreme Court, Suffolk

County, alleging that an instructor employed by the defendant failed to provide him with proper instruction, causing him to sustain injuries while snowboarding at the defendant's facility. In September 2012, the defendant moved, inter alia, pursuant to CPLR 501 and 511 to change the venue of the action from Suffolk County to Greene County.

Upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the defendant's motion which was pursuant to CPLR 501 and 511 to change the venue of the action from Suffolk County to Greene County. Contrary to the plaintiff's contentions, the "Equipment Rental Form and Release of Liability" was not an unenforceable contract of adhesion, and enforcement of the forum selection clause contained therein does not contravene public policy (*see Molino v Sagamore*, 105 AD3d 922, 923 [2013]; *KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650, 651 [2010]; *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]). Contrary to the plaintiff's additional contention, the defendant's motion was timely, inasmuch as it was made within a reasonable time after the commencement of the action (*see* CPLR 511 [a]; *Medina v Gold Crest Care Ctr., Inc.*, 117 AD3d 633, 634 [2014]; *Bonilla v Tishman Interiors Corp.*, 100 AD3d 673 [2012]). Leventhal, J.P., Roman, and Hinds-Radix, JJ., concur.

Dickerson, J., concurs in the result, on constraint of *Molino v Sagamore* (105 AD3d 922 [2013]), with the following memorandum: I vote with the majority on constraint of this Court's precedent, but I write separately to express my view that the better rule is one where forum selection clauses are not to be enforced if they are shown to consumers for the first time upon their arrival at a resort.

In *Molino*, the injured plaintiff made a reservation to stay as a guest at a resort in Warren County (*see id.*). Upon arrival, and while registering for the stay, the injured plaintiff signed a document, entitled "Rental Agreement," containing a provision stating that "if there is a claim or dispute that arises out of the use of the facilities that results in legal action, all issues will be settled by the courts of the State of New York, Warren County" (*id.* at 922). After the injured plaintiff allegedly tripped and fell on the resort's property, she, and her husband suing derivatively, commenced an action against the resort in the Supreme Court, Queens County (*see id.*). This Court held that the Supreme Court should have granted the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Queens County to Warren County, concluding that

the plaintiffs failed to demonstrate that: (1) enforcement of the forum selection clause would be unreasonable, unjust, or would contravene public policy; (2) the clause was invalid because of fraud or overreaching; or (3) a trial in the selected forum of Warren County would, for all practical purposes, deprive them of their day in court (*see id.* at 923).

In so holding, the *Molino* Court cited *Carnival Cruise Lines, Inc. v Shute* (499 US 585 [1991]) for the proposition that "the fact that the Rental Agreement containing the forum selection clause was presented to the plaintiffs at registration and was not the product of negotiation does not render it unenforceable" (*Molino v Sagamore*, 105 AD3d at 923). In *Carnival Cruise Lines*, the United States Supreme Court concluded that the United States Court of Appeals for the Ninth Circuit erred in refusing to enforce a forum selection clause contained on the face of cruise tickets issued to the plaintiffs in that case. However, the United States Supreme Court noted that it did not "address the question [of] whether [the plaintiffs] had sufficient notice of the forum [selection] clause before entering the contract for passage" (*Carnival Cruise Lines, Inc. v Shute*, 499 US at 590) because the plaintiffs had essentially conceded that they had notice of the forum selection provision and the Ninth Circuit had evaluated the enforceability of the forum clause under the assumption, although " 'doubtful,' " that the passengers could be deemed to have knowledge of the clause (*id.*, quoting *Shute v Carnival Cruise Lines*, 897 F2d 377, 389 n 11 [9th Cir 1990]).

In *Sun Trust Bank v Sun Intl. Hotels, Ltd.* (184 F Supp 2d 1246 [SD Fla 2001]) and *Foster v Sun Intl. Hotels, Ltd.* (2002 WL 34576251, 2002 US Dist LEXIS 28475 [SD Fla, Feb. 5, 2002, No. 01-01290-Civ]), the United States District Court for the Southern District of Florida concluded that forum selection clauses set forth in reservation forms that were not shown to consumers until they arrived at a resort were unenforceable because the consumers were not given an adequate opportunity to consider the clause and reject their contracts with the resort (*see Foster v Sun Intl. Hotels, Ltd.*, 2002 WL 34576251, *1, 2002 US Dist LEXIS 28475, *3-4; *Sun Trust Bank v Sun Intl. Hotels, Ltd.*, 184 F Supp 2d at 1261-1262). Similarly, in *Ward v Cross Sound Ferry* (273 F3d 520 [2d Cir 2001]), the United States Court of Appeals for the Second Circuit held that a contractual statute of limitations clause set forth in a ticket issued to a cruise passenger just minutes before she boarded a ship, and then collected at boarding, was not enforceable because the circumstances did not permit the passenger to

become meaningfully informed of the contractual terms at stake (*see id.* at 523-526). By contrast, where forum selection clauses have been sent to consumers or travel agents prior to the consumer's arrival at the subject resort, or where consumers had visited the subject resort on previous occasions and signed forms containing similar forum selection clauses, the United States Court of Appeals for the Eleventh Circuit has found that the clauses were reasonably communicated to the consumers and, thus, enforceable (*see McArthur v Kerzner Intl. Bahamas Ltd.*, 2015 WL 1404409, *1-2, 2015 US App LEXIS 5058, *6-7 [11th Cir, Mar. 30, 2015, No. 14-13889]; *Pappas v Kerzner Intl. Bahamas Ltd.*, 585 Fed Appx 962, 965-966 [11th Cir 2014]; *Estate of Myhra v Royal Caribbean Cruises, Ltd.*, 695 F3d 1233, 1246 [11th Cir 2012]; *Krenkel v Kerzner Intl. Hotels Ltd.*, 579 F3d 1279, 1282 [11th Cir 2009]).

While I believe that the federal cases discussed above set forth the better rule, the doctrine of stare decisis dictates that we follow our prior decision in *Molino*, which is factually indistinguishable from this case in all relevant respects (*see Matter of State Farm Mut. Auto Ins. Co. v Fitzgerald*, 25 NY3d 799 [2015]; *Eastern Consol. Props. v Adelaide Realty Corp.*, 95 NY2d 785, 788 [2000]). Accordingly, I agree with the majority that the subject forum selection clause was enforceable, notwithstanding the fact that it was shown to the plaintiff for the first time upon his arrival at the defendant's facility. I also agree with the majority's other conclusions, and that, upon reargument, the Supreme Court properly adhered to its prior determination granting that branch of the defendant's motion which was pursuant to CPLR 501 and 511 to change the venue of the action from Suffolk County to Greene County.