■ JANE C. FRITSCHE et al., Respondents, v CARNIVAL CORP., Doing Business as CARNIVAL CRUISE LINES, Appellant. [18 NYS3d 413]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated July 26, 2013, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

On or about July 26, 2005, the plaintiff Jane C. Fritsche (hereinafter the injured plaintiff) and her husband were passengers on a cruise ship owned by the defendant Carnival Corp., doing business as Carnival Cruise Lines (hereinafter Carnival). The injured plaintiff allegedly fell while in a boat owned by Carnival that was returning her to the cruise ship. In June 2008, the injured plaintiff, and her husband suing derivatively, commenced this action against Carnival. Carnival moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2) and (8), arguing that the court lacked personal and subject matter jurisdiction based upon the forum selection and one-year time limitation clauses in the contract of carriage which was printed on the plaintiffs' tickets. The Supreme Court denied Carnival's motion, and Carnival appeals.

A contractual forum selection clause contained in a cruise passenger ticket is generally enforceable as long as it has been reasonably communicated to the passenger and does not violate notions of fundamental fairness, and the submission thereof constitutes documentary evidence that may provide a proper basis for dismissal of an action pursuant to CPLR 3211 (a) (1) (see Lischinskaya v Carnival Corp., 56 AD3d 116, 120 [2008]). Here, Carnival's submissions established that the plaintiffs' contract of carriage included a clause requiring that any disputes between the parties "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country." Furthermore, the contract provided that an action to recover damages for personal injuries "shall not be maintainable unless filed within one year after the date of the injury."

Carnival also established that the plaintiffs had a reasonable opportunity to review their tickets, and there is no allegation of fraud or overreaching (*see id.* at 120; *see generally Carnival Cruise Lines, Inc. v Shute*, 499 US 585, 593-595 [1991]; *Karlsberg v Hunter Mtn. Ski Bowl, Inc.*, 131 AD3d 1121 [2015]).

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court should have granted Carnival's motion to dismiss the complaint pursuant to CPLR 3211 (a). Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.