[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15971

_____

D. C. Docket No. 08-22032-CV-KMM

DEBBI KRENKEL,
GEORGE KRENKEL,

Plaintiffs-Appellants,

versus

KERZNER INTERNATIONAL HOTELS LIMITED,
a Bahamian company,
KERZNER INTERNATIONAL BAHAMAS LIMITED,
a Bahamian company,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2009)

Before EDMONDSON, BLACK and SILER,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

This case arises from Debbie Krenkel's slip and fall at the Atlantis Hotel in The Bahamas.[1] She and her husband George appeal the district court's dismissal of their claims, based on a forum-selection clause the Krenkels signed upon check-in at the hotel. For the following reasons, we affirm the dismissal.

I.

In May 2007, the Krenkels traveled from New Jersey, where they reside, to The Bahamas. Upon check-in at the Atlantis, the Krenkels executed an agreement containing a forum-selection clause. The clause read:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever.

On May 16, 2007, Mrs. Krenkel was injured when she slipped and fell on an outdoor path in the pool lagoon area. Thereafter, the Krenkels brought suit against

---

[1] The Southern District of Florida has seen many cases concerning accidents occurring at the Atlantis or its affiliates in The Bahamas. *See, e.g., Larsen v. Kerzner Int'l Hotels Ltd.*, No. 08-22031, 2009 WL 1759585 (S.D. Fla. June 19, 2009); *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008); *Horberg v. Kerzner Int'l Hotels Ltd.*, No. 07-20250, 2007 U.S. Dist. LEXIS 97693 (S.D. Fla. Aug. 6, 2007); *Morrone v. Sun Int'l Hotels, Ltd.*, No. 05-61600 (S.D. Fla. Sept. 25, 2005); *Ward v. Kerzner Int'l Hotels Ltd.*, No. 03-23087, 2005 WL 2456191 (S.D. Fla. Mar. 30, 2005); *Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290 (S.D. Fla. Feb. 4, 2002), *aff'd*, 54 Fed. Appx. 691 (11th Cir. 2002); *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001); *Morse v. Sun Int'l Bahamas, Ltd.*, No. 98-07451 (S.D. Fla. Feb. 26, 2000), *aff'd*, 277 F.3d 1379 (11th Cir. 2001); *Doe v. Sun Int'l Hotels, Ltd.*, 20 F. Supp. 2d 1328 (S.D. Fla. 1998).

Kerzner International Hotels Limited and Kerzner International Bahamas Limited (Kerzner Defendants), the entities that own and operate the Atlantis on Paradise Island in The Bahamas.  Subsequently, the district court granted the Kerzner Defendants' motion to dismiss on the basis of the forum-selection clause, declining to address their alternative motion for dismissal based on *forum non conveniens*.

## II.

We review *de novo* the enforceability of forum-selection and choice-of-law provisions in international agreements.  *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290-91 (11th Cir. 1998).  Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 1527-28 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972).  A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.  *Lipcon*, 148 F.3d at 1296 (citing *Shute*, 499 U.S. at 594-

3

95, 111 S. Ct. at 1528). In determining whether there was fraud or overreaching in a non-negotiated forum-selection clause, we look to whether the clause was reasonably communicated to the consumer. A useful two-part test of "reasonable communicativeness" takes into account the clause's physical characteristics and whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms.[2]

The forum-selection clause the Krenkels signed was not hidden or ambiguous. Rather, it was on a one-page form entitled "Acknowledgment, Agreement and Release" that contained only eight paragraphs, was set apart in a separate paragraph, was in legible type in the same font and type size as the surrounding paragraphs, and began with the words "I agree." The language of the clause was plain and sufficiently gave the Krenkels notice they were agreeing to litigate any disputes that might arise from their visit in The Bahamas. Moreover, the agreement notified the Krenkels in bold, capitalized letters to "**READ BEFORE SIGNING**." Had the Krenkels adhered to this notice, their assumption the agreement pertained only to water sports activities would have been disproved,

---

[2] This approach has been taken by many of our sister circuits. *See, e.g., Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835-37 (9th Cir. 2002); *Ward v. Cross Sound Ferry*, 273 F.3d 520, 523-24 (2d Cir. 2001); *Dillon v. Admiral Cruises, Inc.*, 960 F.2d 743, 744-45 (8th Cir. 1992); *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 863-66 (1st Cir. 1983).

as other paragraphs of the agreement addressed such topics as newspaper delivery and liability for the hotel bill. *See Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1567 (11th Cir. 1990) (holding a similar warning—"read the terms and conditions"—provided reasonable notice).

The Krenkels contend their ability to become meaningfully informed of and have the opportunity to reject the terms of the forum-selection clause was impeded because the front desk personnel confirmed their assumption that the agreement pertained only to water sports activities.[3]  We find their argument unpersuasive.  In August 2004, the Krenkels visited the Atlantis and signed a form containing a nearly identical forum-selection clause.  They should not have been surprised, then, that they would be asked in May 2007 to consent to The Bahamas as the forum for any disputes arising from their visit.  The Krenkels' first visit gave them a reasonable opportunity to consider and reject the forum-selection clause at issue.  The forum-selection clause was reasonably communicated to the Krenkels, so we conclude it was not signed as a result of fraud or overreaching.[4]

---

[3] To the extent the Krenkels argue this alleged misrepresentation should equitably estop the Kerzner Defendants from invoking the forum-selection clause or should lead to an equitable reformation of the provision, we decline to address these arguments because they were not made before the district court. *See Walton v. Johnson & Johnson Serv., Inc.*, 347 F.3d 1272, 1292 (11th Cir. 2003) (finding arguments not argued before the district court are waived on appeal).

[4] The Krenkels also have not demonstrated inconvenience or unfairness, that the chosen law would deprive them of a remedy, or that enforcement of the forum-selection clause would

## III.

The Krenkels have not made a sufficient showing to overcome the presumptively valid and enforceable forum-selection clause they signed upon check-in at the Atlantis. Accordingly, we affirm the district court's dismissal of the Krenkels' suit.

**AFFIRMED.**

---

contravene public policy. *See Lipcon*, 148 F.3d at 1296.