[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10810
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:08-cv-60695-MGC

NINA JANET SEUNG,

                                        Plaintiff - Appellant,

versus

REGENT SEVEN SEAS CRUISES, INC.,
PAUL GAUGUIN SHIPPING LIMITED,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Nina Janet Seung appeals from the district court's dismissal of her lawsuit arising from injuries she incurred while onboard the M/S Paul Gauguin, owned by Defendants Regent Seven Seas Cruises and M/V Paul Gauguin Shipping Limited (collectively, "Regent"). On appeal, Seung argues that the district court erred in enforcing a forum selection claim that required the lawsuit to be brought in Paris, France, instead of Ft. Lauderdale, Florida. After careful review, we affirm.

We review de novo the enforceability of forum-selection and choice-of-law provisions in international agreements. Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290-91 (11th Cir. 1998).

Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. See Krenkel, 579 F.3d at 1281 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. Id.

The forum selection clause at issue here provides that:

> For all cruises which include a port of the United States of America, it is agreed by and between the Passengers and Owners that any dispute arising out of or in connection with this Ticket/Contract shall be determined by the United States District Court for the Southern District of Florida in Fort Lauderdale . . . . For all cruises which do not include a port of the United States, it is agreed by and between the passengers and Owners that any and all disputes and matters whatsoever arising out of or in connection with this Ticket/Contract shall be litigated and determined, if at all, before a court of competent jurisdiction in Paris, France . . . .

Seung's cruise departed from Tahiti, and was to travel only within French Polynesia.

We, like the district court, sympathize with Seung's situation. Nevertheless, we do not believe that Seung has made the "strong showing" required to prove that the forum selection clause should not be enforced in this case. For starters, Seung does not argue that she agreed to the forum through fraud or overreaching, nor that the chosen law would deprive her of a remedy. Further, to the extent Seung contends that enforcing the clause contravenes United States public policy in favor of reimbursing Medicare for Seung's prior medical expenses, we are unpersuaded, since Seung has not suggested that Paris is not a legally competent forum for her claim.[1]

---

[1] In any event, we do not consider this argument, as Seung did not raise it below. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotations omitted).

Seung's main argument is that the forum selection clause was unfair and unreasonable under the circumstances -- to wit, she is financially unable to bring a lawsuit in Paris; she is a California resident with medical limitations, due in part to her injury, that prevent her from traveling to Paris; and Paris is a remote, alien forum chosen merely as a means of discouraging passengers from bringing legitimate claims. As for her financial hardship claim, we have held that "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807-08 (11th Cir. 2003) (citing Bonny v. Society of Lloyd's, 3 F.3d 156, 160 n.11 (7th Cir. 1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1138-39 (6th Cir. 1991) (reasoning that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse enforcement of a forum selection clause since "the expense of travel . . . is inherent in a forum selection clause [u]nless all parties reside in the selected jurisdiction")). While Seung argues that P&S is distinguishable because it involved an Alabama corporation and a California corporation in a dispute about whether to pursue a case in California, this distinction

falls flat. Indeed, travel and litigation expenses will usually be at issue in forum selection cases, regardless of the kinds of parties and locations involved.

As the Supreme Court has reasoned, in a suit -- much like this one -- between injured cruise ship passengers and a cruise line:

> Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

Shute, 499 U.S. at 593-94 (citations omitted). Thus, Seung, who chose to travel internationally, may have benefitted financially from the inclusion of the forum selection clause. The fact that she is an "elderly female plaintiff," that Regent's headquarters are not in Paris, or that the forum is overseas does not mean that Seung's current financial difficulties should dictate the invalidation of the clause.

Nor are we convinced by Seung's reliance on her medical problems. As the district court noted, traveling from California to Paris, rather than cross-country to

5

Florida, would impose similar -- though not identical -- burdens on Seung in terms of access to quality medical care and mobility problems. Seung additionally argues that if any medical issues arise in Paris, she would have difficulties communicating in French and would not receive the free Medicare coverage she would receive in Florida. But the possibility that Seung may need to receive medical care while she is in Paris for litigation does not satisfy the "strong showing" she must make to prove that the forum selection clause should not be enforced in this case.

Seung has also failed to show that Paris is a remote, alien forum. As the record shows, the Paul Gauguin did not travel or cruise to any United States port of call, but instead sailed exclusively in waters subject to French jurisdiction, in French Polynesia. In addition, while Seung asserts that the majority of passengers that travel on Regent cruises are American, she cites no proof for that assertion. Furthermore, even if more of Regent's cruises depart from Ft. Lauderdale than French ports, Seung's ship notably did not depart from Ft. Lauderdale, but from French Polynesia. In fact, the contract expressly provides that had her cruise departed from any United States port, the appropriate forum would have been in Ft. Lauderdale. Thus, as a Florida state court has held in a forum selection suit also involving the Paul Gaugin, where "the Paul Gauguin both departed and returned from a foreign locale, never making contact with any ports or waters of the United States[,] . . . it is reasonable

6

that Radisson selected Paris, France as a neutral location in order to dispel confusion as to where passengers from a variety of countries could bring a lawsuit." Burns v. Radisson Seven Seas Cruises, Inc., 867 So. 2d 1191, 1193 (Fla. App. 4th Dist. 2004).

Finally, we are unpersuaded by Seung's claim that pursuant to Regent's forum selection clause, the proper forum for the lawsuit is Ft. Lauderdale, because she left for the cruise on an airplane flight out of Los Angeles International Airport, a port in the United States. The contract provides a United States forum for disputes arising out of "all cruises which include a port of the United States of America." Seung's suggestion that her "cruise package" departed from Los Angeles International Airport, a United States port, is irrelevant. Under the plain language of the contract, Seung's "cruise" did not include a United States port, and Paris is the appropriate forum.

**AFFIRMED.**