Marilyn VANDERHAM and Casper Vanderham, Plaintiffs,

v.

BROOKFIELD ASSET MANAGE-MENT, INC., a Canadian company, Defendant.

Case No. 14–cv–23351–KMM.

United States District Court, S.D. Florida.

Signed April 20, 2015.

Filed April 21, 2015.

Gabriel A. Garay, Robert L. Parks, Law Offices of Robert L. Parks, P.L., Miami, FL, for Plaintiff.

Jeffrey Bradford Maltzman, Rafaela Patricia Castells, Steve Holman, Maltzman & Partners, PA, Coral Gables, FL, for Defendant.

*ORDER GRANTING MOTION TO DISMISS*

K. MICHAEL MOORE, Chief Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (ECF No. 16). Plaintiffs filed a Response (ECF No. 24) and Defendant filed a Reply (ECF No. 29). Plaintiff and Defendant also both filed Notices of Filing Supplemental Authority (ECF Nos. 25, 30). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, Response, Reply, Supplemental Authority, pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons set forth below, the Court now GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

In early January of 2013, Plaintiffs Marilyn and Casper Vanderham, citizens of Florida, booked a vacation at the Atlantis Resort on Paradise Island in the Bahamas and subsequently received several confirmation emails. Pl.'s Resp. ¶ 8 (ECF No. 24). The confirmation emails contained a "Terms and Conditions" section which included a link to the Atlantis website. Def.'s Mot. at 5–6 (ECF No. 16); *see also* Reservation Confirmation Email, Def.'s Mot. at Ex. 5 (ECF No. 16–5).

The Terms and Conditions section viewable on the Atlantis website states that any dispute between the guest and the hotel or any affiliated company must be litigated exclusively in the Bahamas. It also notifies guests that upon arrival at the Atlantis Resort they are required to sign a Registration Card that includes the following forum selection clause:

**ATLANTIS REGISTRATION:** During guest registration at Atlantis, Paradise Island you will be asked to sign a form agreeing to the following terms related to any claims you may have as a result of your stay at the resort: "I agree that any claim I may have against Kerzner International Holdings Limited, Kerzner International Limited, Kerzner International Bahamas Limited, Atlantis Holdings (Bahamas) Limited, Ocean Club Holdings Limited, Paradise Island Holdings Limited, Paradise Island Limited, Island Hotel Company Limited, and Paradise Enterprises Limited, Harborside at Atlantis Development Limited and Harborside at Atlantis Management Limited, along with their parent, related and affiliated companies at every tier, and the officers, directors, employees, agents, representatives, successors and assigns of each of the foregoing entities resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever. The foregoing shall apply to all persons accompanying me, and I represent that I have the authority to sign this document on their behalf."

*See* Terms and Conditions, Def.'s Mot. at Ex. 8 (ECF No. 16–8).

Upon arrival at the Atlantis Resort, Plaintiffs signed a written agreement entitled "Acknowledgment, Agreement and Release" ("Acknowledgment") that reads, in pertinent part:

I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever....

See Registration Card, Def.'s Mot. at Ex. 9 (ECF No. 16–9).

On or about January 20, 2013, Marilyn Vanderham suffered personal injuries when she slipped and fell while walking through the Atlantis Resort water park area.

Plaintiffs initially filed a lawsuit alleging negligence and loss of consortium claims against Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, and Paradise Island Limited. That case was assigned to the Honorable Judge Marcia G. Cooke. See Vanderham, et al. v. Kerzner Int'l Bahamas Ltd., et al., Case No. 13–cv–24147–MGC. After hearing oral arguments and considering the pleadings filed by the parties, Judge Cooke granted Defendants' Motion to Dismiss in the first lawsuit under the doctrine of forum non conveniens, concluding that Plaintiffs are subject to a contractual agreement that any claims arising from Plaintiffs' stay in the Bahamas would be brought exclusively

before a court located in the Bahamas.[1] Id. at ECF No. 27.

On September 11, 2014, Plaintiffs filed the instant action, essentially substituting Brookfield Management, Inc. ("Brookfield") in place of the previous Defendants while alleging the same facts and the same claims for negligence and loss of consortium.[2] Id. Defendants filed a Motion to Dismiss, seeking dismissal of the action based upon its forum selection clause and the doctrine of forum non conveniens.

## II. LEGAL STANDARD

Under the doctrine of forum non conveniens, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. See Gulf Oil v. Gilbert, 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). On a motion based on the doctrine of forum non conveniens, the Court "may consider matters outside the pleadings," Webster v. Royal Caribbean Cruises, Ltd., 124 F.Supp.2d 1317, 1320 (S.D.Fla.2000), but "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004). To obtain dismissal under this doctrine, "the moving party must demonstrate that (a) an adequate alternative forum is available, (b) the public and private interest factors weigh in favor of dismissal, and (c) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon v. Millon Air, Inc., 251 F.3d 1305, 1310–11 (11th Cir.2001).

The presence of a valid forum-selection clause requires district courts to

---

1. On September 26, 2014, Plaintiffs filed a Notice of Appeal in the first lawsuit. See Vanderham, Case No. 13–cv–24147–MGC, at ECF No. 28. On April 10, 2015, the United States Court of Appeals for the Eleventh Circuit entered an Order of Limited Remand,

directing the court to determine the citizenship of the Parties. See id. at ECF No. 34.

2. Plaintiff alleges that Brookfield, a Canadian company, was and is the owner of the Atlantis Resort. See id. ¶¶ 4, 29.

adjust their usual *forum non conveniens* analysis in three ways. *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the Western Dist. of Texas, et al.,* — U.S. —, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013). First, "the plaintiff's choice of forum merits no weight." *Id.* at 581–82. Second, the district court "should not consider arguments about the parties private interests" because when a plaintiff agrees to a forum-selection clause, the plaintiff waives the right to challenge the pre-selected forum as inconvenient. *Id.* at 582. Third, when a party bound by a forum-selection clause files suit in a different forum than the one pre-selected, the plaintiff's chosen venue's choice-of-law rules will not apply. *Id.*

 Pursuant to *Atlantic Marine,* "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 581; *see also Bell v. Kerzner Int'l Ltd.,* No. 10-cv–23755, 2011 WL 12656691, at *6 (S.D.Fla. July 14, 2011) ("Mandatory forum-selection clauses are presumptively valid and enforceable and warrant dismissal in favor of contractually mandated foreign forum unless the plaintiff makes a 'strong showing' that enforcement would be unreasonable or unjust under the circumstances."). However, before a determination can be made as to whether the modified analysis in *Atlantic Marine* applies, the Court must first determine whether the forum-selection clause is valid and enforceable. A choice of law clause will only be found unenforceable as "unreasonable under the circumstances" under four conditions. *Lipcon v. Underwriters at Lloyd's London,* 148 F.3d 1285 (11th Cir.1998).

Choice of law clauses will be found ... unenforceable only when: (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy. *Id.*

## III. ANALYSIS

Plaintiffs argue that the forum selection clause is unenforceable because it was not reasonably communicated to Plaintiffs, such that they could not consider its terms and reject it if they wished to do so. Pl.'s Resp. at 2. Further, Plaintiffs maintain the forum selection clause is unenforceable due to fraud or overreaching. *Id.* The Court disagrees, and concludes that the forum selection clause in the present case is valid and enforceable for the following reasons.

First, the Court notes that the Eleventh Circuit has found the same forum-selection clause at issue in this case to be presumptively valid. *See Krenkel v. Kerzner Int'l Hotels, Ltd.,* 579 F.3d 1279, 1281 (11th Cir.2009). Further, Judge Cooke previously ruled in the first lawsuit that this exact forum selection clause is binding upon these Plaintiffs. *See Vanderham,* Case No. 13–cv–24147–MGC, at ECF No. 27.

 Regardless, the Court also independently finds that the forum-selection clause is valid and enforceable here. First, the agreement was not induced by fraud or overreaching. Plaintiffs were emailed the link containing information regarding the clause before their arrival at the Atlantis Resort, and presented with the Acknowledgment upon their arrival. Plaintiffs had the opportunity to be meaningfully informed of and have the opportunity to reject the terms of the forum selection clause. *See Krenkel,* 579 F.3d at 1281.

The clause was neither hidden nor ambiguous. *See id.* By signing the Acknowledgment, Plaintiffs agreed to the forum-selection clause. Next, the Court concludes that Plaintiffs would not be deprived of their day in court because of the inconvenience or unfairness of the chosen forum in the Bahamas, and that the chosen law would not deprive the plaintiff of a remedy. The Bahamian legal system is patterned after England's legal system, and recognizes negligence actions and vicarious liability for personal injury. *See Morrone v. Sun Int'l Hotels, Ltd.,* Case No. 05–cv–61600, 2006 WL 6842082, at *5 (S.D.Fla. Sept. 22, 2006). The Court also finds that enforcement of the forum-selection provision would not contravene a strong public policy. *See Sun Trust Bank v. Sun Int'l Hotels, Ltd.,* 184 F.Supp.2d 1246, 1262 (S.D.Fla.2001) (stating that defendants have "a legitimate interest in limiting the fora in which they can be sued.").

Accordingly, the Court finds that the forum-selection clause here is valid and enforceable, and that it applies to any claims Plaintiffs have against any entity alleged to have owned the Atlantis Resort. This includes Defendant Brookfield. *See McArthur v. Kerzner Int'l Bahamas Ltd.,* 607 Fed.Appx. 845, 848, No. 14–13889, 2015 WL 1404409, at *3 (11th Cir. Mar. 30, 2015) (finding the identical forum selection clause applied equally to any claims plaintiffs had against Brookfield). The "Resort Parties" named in the Acknowledgement specifically include any "parent, related and affiliated companies at every tier, and the officers, directors, employees, agents, representatives, successors and assigns of each of the foregoing entities." *See* Terms and Conditions, Ex. 8 (ECF No. 16–8); *see also Miyoung Son v. Kerzner Int'l Resorts, Inc., et al.,* 2008 WL 4186979, *5 (S.D.Fla. Sept. 5, 2008) (holding that forum selection clause contained in an email sent to Plaintiffs shortly after trip was booked was enforceable). Accordingly, the forum selection clause applies to all claims Plaintiffs assert against Brookfield.

■ As the Court finds that the forum-selection clause is valid and enforceable, the modified analysis in *Atlantic Marine* applies. The first part of this analysis requires the Court to determine whether an adequate alternative forum exists. *Leon,* 251 F.3d at 1310–11. Here, Defendant consents to jurisdiction in the Bahamas, and as discussed *supra,* the Bahamas is a jurisdiction that could provide relief for Plaintiffs' claims. Accordingly, the Court finds that the Bahamas is both available and adequate as an alternative forum. *See also McGinn v. Kerzner Int'l Hotels Ltd.,* case no. 12–cv–20536 (S.D.Fla. Oct. 22, 2012).

■ Second, the Court must consider the relevant public interest factors to determine whether dismissal is appropriate. Relevant public interests include "the familiarity of the court(s) with the governing law, the interest of any foreign nation in having the dispute litigated in its own courts, and the value of having local controversies litigated locally." *Pierre–Louis v. Newvac Corp.,* 584 F.3d 1052, 1056 (11th Cir.2009). The Court shall not consider arguments about the Parties' private interests because when Plaintiffs agreed to the forum-selection clause, they waived the right to challenge the preselected forum as inconvenient. *See Atlantic Marine,* 134 S.Ct. at 582. In other words, the Court deems the private interest factors to weigh entirely in favor of the preselected forum. Here, the Court concludes that the public interest factors weigh in favor of dismissal under *forum non conveniens* because (1) the lawsuit lacks any connection to this district, and (2) Bahamanian law will govern the dispute.

■ Third, the Court concludes that dismissal is appropriate because Plaintiffs

can reinstate their lawsuit in the Bahamas without undue inconvenience or prejudice. *See Leon,* 251 F.3d at 1310–11. Defendant has specifically agreed to waive any statute of limitations defense if Plaintiffs refile the lawsuit in the Bahamas within six months after dismissal of this action. Accordingly, under the *forum non conveniens* analysis articulated in *Atlantic Marine,* the Court finds this case should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 11) is GRANTED. It is further ORDERED AND ADJUDGED that this matter is DISMISSED. The Clerk of Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.