[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14810
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23897-DPG


CORY CLEVELAND,
ANN CLEVELAND,
his wife,

                                                            Plaintiffs-Appellants,


versus


KERZNER INTERNATIONAL RESORTS, INC.,
a Florida corporation,
KERZNER INTERNATIONAL BAHAMAS LIMITED,
a Bahamian company,
KERZNER INTERNATIONAL LIMITED,
a Bahamian company,
ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
PARADISE ISLAND LIMITED,
a Bahamian company, et al.,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 19, 2016)

Before MARCUS, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

In this diversity case, husband and wife Cory and Ann Cleveland ("Mr. and Mrs. Cleveland," or "the Clevelands") appeal the district court's dismissal of their tort action against Kerzner International Resorts, Inc., Kerzner International Bahamas Limited, Kerzner International Limited, Island Hotel Company Limited, Paradise Island Limited, and Brookfield Asset Management, Inc. (collectively, "the defendants"). The suit was based on injuries Mr. Cleveland suffered at a water park at the Atlantis resort in the Bahamas. The defendants, all but one of whom are citizens of the Bahamas,[1] are the owners and operators of Atlantis. The Clevelands, who are citizens of Illinois, filed the case in the Southern District of Florida. The district court granted the defendants' motion to dismiss on <u>forum non conveniens</u> grounds, based on a clause in an agreement the Clevelands signed upon their check-in at Atlantis, which selected the Bahamas as the forum for any disputes arising during their stay. On appeal, the Clevelands argue that, in granting

---

[1] Kerzner International Resorts, Inc., is a citizen of Florida.

2

the motion to dismiss, the district court erred in finding that: (1) they had notice of the forum-selection clause and therefore it was not the result of overreaching; and (2) they failed to show that, due to their financial situation, enforcing the forum-selection clause would effectively deprive them of their day in court. After thorough review, we affirm.

The enforceability of a forum-selection clause is a question of law subject to de novo review. Bailey v. ERG Enters., LP, 705 F.3d 1311, 1316 (11th Cir. 2013), abrogated on other grounds as recognized in Pappas v. Kerzner Int'l Bah. Ltd., 585 F. App'x 962, 964 (11th Cir. 2014) (unpublished). Once the enforceability of the forum-selection clause has been established, we review the district court's dismissal on forum non conveniens grounds only for "a clear abuse of discretion." See Membreno v. Costa Crociere S.p.A., 425 F.3d 932, 935-36 (11th Cir. 2005); see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 134 S. Ct. 568, 580-82 & n.5 (2013). Where there is a valid forum-selection clause, a district court may deny a motion to dismiss on forum non conveniens grounds only where public-interest factors counsel against dismissal. See Atl. Marine, 134 S. Ct. at 582.

In seeking enforcement of a forum-selection clause at the motion to dismiss stage, the defendant may submit affidavits in support of enforceability. See Est. of Myhra v. Royal Caribbean Cruises, Ltd., 695 F.3d 1233, 1238-39 (11th Cir. 2012).

3

If the district court decided the enforceability question without holding an evidentiary hearing, on appeal, we take the allegations in the complaint as true, but "only to the extent they are uncontroverted by [the] defendant's affidavits." Id. at 1239 (quotation and alteration omitted). Thus, we "consciously look beyond the mere allegations of [the] complaint, and, although we continue to favor the plaintiff's facts in the context of any actual evidentiary dispute, we do not view the allegations of the complaint as the exclusive basis for [our] decision." Id.

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). A forum-selection clause will be deemed invalid if: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Id. The district court found none of these factors present in this case. On appeal, the Clevelands challenge the court's findings with regard to the first and second factors, only.

First, the Clevelands argue that the district court erred in finding that the forum-selection clause was not the result of overreaching. To determine whether there was fraud or overreaching, we examine whether the clause was "reasonably

4

communicated to the consumer." Id.  We do so using a two-part test that takes into account (1) "the clause's physical characteristics," and (2) "whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms." Id.

The Clevelands acknowledge that, when they checked in at Atlantis, they each signed a one-page "Acknowledgement, Agreement and Release" form, which was headlined "READ BEFORE SIGNING" at the top.  The form contained eight paragraphs, most of which were one-sentence long.  The fourth paragraph provided:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever.

In Krenkel, which involved the exact same forum-selection clause at issue here, we held that the clause's physical characteristics meaningfully communicated its contents.  579 F.3d at 1281-82.  We observed that the forum-selection clause was not hidden or ambiguous, it was legibly set apart as one of only eight paragraphs, the language of the clause was plain, and the agreement warned in bold, capitalized letters to "READ BEFORE SIGNING." Id.

5

The Clevelands assert no argument to the contrary. Instead, they contend that they did not have a meaningful opportunity to reject the forum-selection clause. The district court found that the Clevelands could have rejected the clause at check-in. It based that finding, in part, on the defendants' affidavit from an Atlantis representative, attesting that Atlantis has a long-standing policy of allowing guests to "strike out the forum-selection clause . . . without penalty." The Clevelands maintain that the district court erred in relying on this policy, because there was nothing in the record to indicate it had ever been communicated to them. However, the Clevelands do not argue here -- and they made no allegation in the district court -- that they were forced to adhere to the forum-selection clause at check-in. For instance, they made no allegation that they attempted to strike out the clause and were told they could not check in unless they adhered to it, nor that they even asked about whether they could do so. Accordingly, we agree with the district court that the Clevelands had an opportunity to reject the forum-selection clause at check-in, and that the clause was thus not the result of overreaching.[2]

Second, the Clevelands argue that enforcing the forum-selection clause would deprive them of their day in court because they lack the financial resources to hire an attorney in the Bahamas, where contingency fee agreements are not

---

[2] The Clevelands also dispute the district court's finding that they had prior constructive notice of the forum-selection clause because of an agreement Atlantis had with the travel agency that booked their vacation. Because we agree with the district court's finding that the Clevelands had <u>actual</u> notice of the forum-selection clause, we need not reach the district court's alternative finding on the issue of constructive notice.

6

permitted.  In an affidavit filed in the district court, Cory Cleveland stated that he had annual earnings of $97,000 and monthly expenses of $8,000.  He asserted that he did not have "the financial resources to post a non-citizen cost bond in the Bahamas, which is required for non-residents," nor "the financial resources to pay an attorney for the costs and fees up front as they become due."  Mrs. Cleveland did not file an affidavit, and there is nothing in the record regarding her finances.

In support of their motion to dismiss, the defendants filed an affidavit by a Bahamian lawyer, attesting that there is "affordable" counsel in the Bahamas, with rates starting at $250 per hour.  The Bahamian attorney attested that, to the extent the Clevelands were unwilling or unable to travel to the Bahamas, Bahamian courts could make accommodations, such as taking witness testimony at the Bahamian consulate in Miami, or accepting deposition testimony taken in the United States.

Taking into account both parties' affidavits, the district court determined that the Clevelands' "generic averments of financial hardship and inconvenience" were insufficient to show that litigating in the Bahamas would be "so gravely difficult and inconvenient" that they would effectively be deprived of their day in court. We agree.  Mr. Cleveland's affidavit -- which noted his annual earnings of $97,000 and was silent as to his assets or the existence of any other sources of income -- did not establish that he and Mrs. Cleveland (whose finances are unknown) would be unable to afford counsel in the Bahamas.  Moreover, we've explained before that

7

the lack of a contingency fee system is a "particularly weak" basis for denying a motion to dismiss on the basis of forum non conveniens. See Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1430 (11th Cir. 1996). If the opposite were true, "a case could almost never be dismissed because contingency fees are not allowed in most forums." Id. (quotation omitted). Accordingly, we discern no error in the district court's finding that requiring the Clevelands to litigate their claims in the Bahamas would not effectively deprive them of their day in court, see Krenkel, 579 F.3d at 1281, nor in its ultimate determination that the forum-selection clause was valid and enforceable.

Finally, the Clevelands have offered no argument as to how dismissal of the case on forum non conveniens grounds would be contrary to the public interest. They thus have not shown that the district court abused its discretion by granting the defendants' motion to dismiss on that basis. See Atl. Marine, 134 S. Ct. at 582.

**AFFIRMED.**