[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10581
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24113-JLK

MELISSA WYLIE,

Plaintiff - Appellant,

versus

KERZNER INTERNATIONAL BAHAMAS LIMITED,
a Bahamian company, et al.,

Defendants,

ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,
BREF BAHAMAS LTD.,
a Bahamian company,
ATLANTIS HOLDINGS (BAHAMAS) LIMITED,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 1, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Melissa Wylie appeals the district court's order enforcing a forum-selection clause against her and dismissing her tort claims against Island Hotel Company Limited, Atlantis Holdings (Bahamas) Limited, and Bref Bahamas Ltd. under the doctrine of *forum non conveniens*. Following a review of the record and the parties' briefs, we reverse and remand this case to the district court for it to consider the issues explained below.

## I

Because we write for the parties, we assume their familiarity with the record and only set forth what is necessary for our decision.

While in the Bahamas, Mrs. Wylie, her husband, and their minor daughter visited the Atlantis resort to participate in the Sea Squirts Experience. Sea Squirts allows participants to enter Atlantis' fish nursery to feed and play with marine life. In order to participate, Atlantis requires attendees to sign a release form that includes a forum-selection clause requiring all disputes to be litigated in the Bahamas. Mr. Wylie signed the release on behalf of his family, specifically listing his wife and daughter as the family members in his group.

While accompanying her daughter on Sea Squirts, Mrs. Wylie slipped and injured herself on a step leading into a feeding pool. Mrs. Wylie sued Island Hotel,

2

Atlantis, and Bref in the United States District Court for the Southern District of Florida. The defendants moved to dismiss the amended complaint on the basis of *forum non conveniens*, asserting that the forum-selection clause in the release between Mr. Wylie and the defendants required that Mrs. Wylie's suit be litigated exclusively in the Bahamas. The district court granted the motion. Mrs. Wylie timely appealed.[1]

## II

We review a district court's decision to dismiss a suit on *forum non conveniens* for abuse of discretion. *See Aldana v. Del Monte Fresh Produce N.A.*, 578 F.3d 1283, 1288 (11th Cir. 2009). We exercise plenary review over the enforceability of a forum-selection clause. *See Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

## III

At the district court, Mrs. Wylie argued, among other things, that a valid forum-selection clause did not exist between her and the defendants because she never signed the release. *See* D.E. 34 at 3. The district court ruled that the forum-selection clause in this case was presumptively valid, and that Mrs. Wylie could only overcome that presumption by showing that the formation of the

---

[1] At the district court, the defendants argued that the release shielded all of them, even though they were not all signatories, because they were related corporate entities whom Mrs. Wylie alleged own the Atlantis resort. *See* D.E. 29 at 6. Without expressly passing on this issue, the district court granted the defendants' motion to dismiss pursuant to the release. *See* D.E. 37. Mrs. Wylie has not challenged this on appeal.

agreement containing the clause (the release) had been "induced by fraud or overreaching." D.E. 37 at 3 (quoting *Krenkel*, 579 F.3d at 1281). It then found no foul play in part because the release prominently admonished the parties to read the forum-selection clause before signing, and because it was foreseeable that Mr. Wylie's signature would bind Mrs. Wylie. *See id.* (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998)).

The district court relied on *Krenkel* and *Lipcon*, two of our prior cases dealing with forum-selection clauses, to reach its conclusion. In both cases, we analyzed the enforceability of a forum-selection clause, presumed such clauses were enforceable, and applied a four-prong test to determine whether enforcing the clause would be "unfair or unreasonable under the circumstances." *Krenkel*, 579 F.3d at 1281. That test, first developed in admiralty by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), and refined in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590–94 (1991), states as follows:

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

*Krenkel*, 579 F.3d at 1281. Since then, the Supreme Court has clarified that "a forum-selection clause pointing to a state or foreign forum is [enforced] through the doctrine of *forum non conveniens*," and that "forum-selection clauses control

4

[the *forum non conveniens* inquiry] except in unusual cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580, 582 (2013).[2]

In relying exclusively on *Krenkel* and *Lipcon*, however, the district court overlooked the nuances in the argument raised by Mrs. Wylie. Mrs. Wylie attacks the premise that a valid forum-selection clause exists as to her. The crux of her argument is that she never entered into an agreement with the defendants—her husband did—so a forum-selection clause within that agreement cannot bind her. This goes to the formation of a contract, and whether non-signatories can be bound by a related third-party's contract, not necessarily whether a forum-selection clause is enforceable.

And this potentially presents a problem because, in a diversity case such as this, *see* D.E. 25 ¶1, "state-law principles [generally] govern the formation of contracts." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016) (applying Georgia law to determine whether the plaintiff entered into an arbitration agreement). Yet, in deciding whether to enforce a forum-selection clause, federal law governs even in diversity suits. *See Atl. Marine*, 134 S. Ct. at 576 (noting diversity jurisdiction), 580.

---

[2] *Krenkel* and *Lipcon* also mentioned that, in addition to being presumptively enforceable, forum-selection clauses are "presumptively valid." D.E. 37 at 3. As we explain, however, neither of those cases answered the precise question of whether, in diversity cases, validity is a concept distinct from enforceability; and whether, if so, it is subject to a different source of substantive law.

It seems to us, then, that the analytical framework (and substantive law) governing the *forum non conveniens* inquiry in this diversity case depends on whether the *validity* of a forum-selection clause is distinct from, and antecedent to, its *enforceability*, or whether the validity of such a clause is just part of the federal law of enforceability, as developed in *Bremen* and expounded upon through *Atlantic Marine*. As the Fifth Circuit recently recognized in *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300–02 (5th Cir. 2016), the Supreme Court has not answered this question. And neither have we.

*Atlantic Marine* did not answer this question because it explicitly presupposed a "valid" forum-selection clause. *See* 134 S. Ct. at 581 n.5. *Bremen* and *Carnival Cruise Lines* were admiralty cases. *See, e.g., Carnival Cruise Lines*, 499 U.S. at 587. In *Krenkel* there was no dispute that both plaintiffs had executed a valid agreement containing a forum-selection clause. *See* 579 F.3d at 1280–81. And the district court in *Lipcon* had federal-question jurisdiction over the plaintiffs' claims under the "Securities Act of 1933, . . . the Securities Exchange Act of 1934, . . . [and] the Racketeer Influenced and Corrupt Organizations Act." 148 F.3d at 1289.

The Fifth Circuit, after concisely summarizing the "[s]upport . . . for each choice-of-law position," *Barnett*, 831 F.3d at 302, was able to side-step the issue. We do not know if this can be done here, but we need not decide the matter in the

6

first instance.  The district court's order missed the potentially thorny issues at play in this case, affecting our ability to "proper[ly] perform[ ] . . . [our] review function."  *Clay v. Equifax, Inc.*, 762 F.2d 952, 957 (11th Cir. 1985).  Because the district court's reasoned input, with the aid of further briefing from the parties, most serves judicial economy, we reverse the order of dismissal and remand this case to the district court for it to consider these questions.

**REVERSED AND REMANDED.**