[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14993
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-23885-BB

ERIKA ROBERTS,

Plaintiff - Appellant,

versus

CARNIVAL CORPORATION,
d.b.a. Carnival Cruise Line,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 28, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Erika Roberts appeals the dismissal of her lawsuit against Carnival Corporation ("Carnival") to recover damages for injuries she suffered after slipping and falling on a Carnival cruise ship. The district court granted Carnival's motion to dismiss, concluding that a one-year contractual limitations period for personal-injury claims that was contained in Roberts's ticket contract barred the lawsuit. Seeking reversal, Roberts argues that the court erred by going outside the four corners of the complaint to grant Carnival's motion and by concluding that the time limit in the ticket contract was enforceable.

## I.

Ordinarily, the district court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint and its attachments. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002). So the court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss. *See id.* But an exception to this rule applies if a document attached to the complaint is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018); *see Day*, 400 F.3d at 1276.

In granting Carnival's motion to dismiss, the district court applied this exception to rely on two documents that were attached to that motion: (a) the ticket

contract containing the one-year limitations period for claims of personal injury; and (b) an "acceptance report" indicating that Roberts had received a copy of the ticket contract before boarding the ship. The court noted that the authenticity of the ticket contract was undisputed. And "[b]ecause Plaintiff's claims are rooted in personal injury," the court explained, "the Ticket Contract is central to Plaintiff's claims based on its language." The court did not further explain what it meant by this or offer any explanation for considering the acceptance report.

Roberts argues that the district court improperly considered matters outside the complaint without converting the motion to dismiss into a motion for summary judgment. We agree. Neither the ticket contract nor the acceptance report was "central" to Roberts's claim, *see Day*, 400 F.3d at 1276, and the acceptance report was not referenced in the complaint, *see Hi-Tech Pharm.*, 910 F.3d at 1189.

While the ticket contract may have been relevant to two potential affirmative defenses—whether the claims were time barred and whether they were filed in the proper venue—it is not a necessary part of Roberts's effort to make out negligence claims against Carnival.[1] *See Day*, 400 F.3d at 1276 (concluding that a contract was

---

[1] Carnival argued below (but has not filed a response brief on appeal) that the ticket contract was central to Roberts's claims because the complaint referenced "the venue selection clause in the Passenger Contract," and it appeared Roberts initially may have intended to attach a "Ticket" as an exhibit to the complaint. But Roberts ultimately did not attach the ticket contract to her complaint, and her reference to the ticket contract concerned an affirmative defense, not the substance of her claims. Because the ticket contract was not central to her claims, the mere fact that it was referenced in the complaint is not enough. *See Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("[W]e may also consider documents attached to the motion

3

central to the plaintiffs' claim because it was a "necessary part of their effort to make out a claim that the relationship between U–Haul and its independent dealers is not a genuine agency, but a sham agency," which was at "the very heart" of the plaintiffs' claim).  Because it does not appear that the ticket contract and acceptance report have anything to do with the substance of her claims against Carnival, they were not "central" to her claims such that these documents could be considered without converting the motion to dismiss into a motion for summary judgment.  *See Day*, 400 F.3d at 1275–76.  Accordingly, the district court erred by considering matters outside the complaint without converting the motion to dismiss into a motion for summary judgment.

## II.

Alternatively, even assuming the district court properly considered the ticket contract at the motion-to-dismiss stage, dismissal for failure to state a claim on contractual-limitations grounds was not appropriate because it is not "apparent from the face of the complaint that the claim is time-barred."  *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018).

We review *de novo* an order granting a motion to dismiss on statute-of-limitations grounds, accepting the allegations in the complaint as true and construing

---

to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.").

all reasonable inferences in the plaintiff's favor. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *Id.* (quotation marks, ellipsis, and alterations omitted). As a result, "[a] dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Hunt*, 887 F.3d at 1085.

Maritime tort claims like this one are subject to a default limitations period of three years. 46 U.S.C. § 30106. But the statute does not prohibit contracts setting shorter limitation periods. *Id.*; *see Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107 (2013) (absent a statutory prohibition of such agreements, parties may set a shorter limitations period by contract than is provided in the applicable statute of limitations). And under 46 U.S.C. § 30508(b)(2), cruise lines may set a contractual time limit of no less than one year for bringing a personal injury action. When valid, a contractual limitations period works the same as a statutory limitations period. *Chang v. Carnival Corp.*, 839 F.3d 993, 996 n.3 (11th Cir. 2016).

For a contractual limitations period to be enforceable, it must have been "reasonably communicated to the passenger." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1367 (11th Cir. 2018). We apply a two-factor test for reasonable communication that evaluates (1) the physical characteristics of the clause and

5

(2) the passenger's opportunity to become meaningfully informed of the contract terms. *Id.*

The first factor is limited to a review of the contract itself. *See, e.g.*, *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1245–46 (11th Cir. 2012) (reviewing the physical characteristics of the contract); *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1282 (11th Cir. 2009) (same). Courts consider the size, placement, font, and readability of the limitations-period clause, among other objective characteristics. *See id.*

But the second factor takes into account facts beyond the contract. This factor "focuses on the subjective circumstances attending a particular plaintiff's opportunity to review the ticket terms before embarkation." *Ward v. Cross Sound Ferry*, 273 F.3d 520, 525 (2d Cir. 2001) (quotation marks omitted); *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 866 (1st Cir. 1983) (the second factor includes analysis of "any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake"); *see Myhra*, 695 F.3d at 1246 (relying on invoices that were sent to the plaintiffs by the cruise line that directed the plaintiffs to the contract terms).

Here, the district court erred by resolving the limitations issue through a motion to dismiss. While Roberts did not dispute the authenticity of the ticket contract, she contended that the one-year contractual limitations period was not

6

enforceable because it had not been reasonably communicated to her. That issue cannot be resolved on the face of the ticket contract alone, because the reasonable-communicativeness test depends not only on the contract itself but also on extrinsic factors relating to "the subjective circumstances attending a particular plaintiff's opportunity to review the ticket terms before embarkation." *Ward*, 273 F.3d at 525; *Shankles*, 722 F.2d at 866. Roberts was not afforded the opportunity to submit evidence relevant to the second factor of that test. Nor was she required to anticipate and rebut the limitations defense in her complaint, which was silent as to these matters. *See La Grasta*, 358 F.3d at 845 ("A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint."). Because the limitations issue cannot be resolved from the face of the complaint, the district court erred in granting Carnival's motion to dismiss Roberts's claims as time barred. *See Hunt*, 887 F.3d at 1085.

For these reasons, we vacate the order granting Carnival's motion to dismiss and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**